## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| ANDREW CAIRNS, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| v. | : | |
| | : | NO. 19-cv-05351-CDJ |
| SUPERINTENDENT MCGINLEY, et. al. | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

**Richard A. Lloret, M.J.**                                **September 15, 2021**

In his Motion to Expand the Record (Doc. No. 14), Petitioner requests that this Court expand the record to include the following documents:

1. Guilty Plea Colloquy

2. Pretrial Habeas Corpus Motion Filed by Attorney Lacson

3. Forensic Photographs of all Ballistic Evidence

4. Complete 911 and Bucks County Emergency Communications Transcripts

5. Complete Autopsy Report

6. Preliminary Hearing Transcripts

7. PCRA Hearing Transcripts

8. Transcripts of the Discovery Hearing Held on June 23, 2016

9. The Missing CD's Containing Photographic Evidence

10. Internal Affairs Report

11. Letter from Police Officer

12. Officer Harold's Police File

13. DNA Report

After review of the record provided by the state court on February 11, 2020, this Court has determined that items 1, 6, 7, and 8 are already included in the record before this Court.[1] Accordingly, it is not necessary to expand the record to include these documents. With respect to the remaining documents, we address Petitioner's request below.

Rule 7 of the Rules Governing Section 2254 cases permits the judge to "direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7(a) fol. 28 U.S.C. § 2254. It does not empower a party to unilaterally "expand the record." *See also* Advisory Committee Notes to Rule 7 (explaining rule permits judge to order record to be expanded to dispose of those petitions not summarily dismissed and without time and expense required for evidentiary hearing). Although Petitioner is requesting leave to expand the record, he does not attach these documents which he wishes to include as part of the record.[2] Rather, Petitioner requests Respondent to provide himself and the Court with certain types of information. Accordingly, the Court will construe Petitioner's request as, more appropriately, a motion to compel discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under Rule 6 of the of the Rules Governing Section 2254, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." "Good cause" has been defined as "specific

---

[1] The state court record is currently in transit between the chambers of Judge Perkin and Judge Lloret.

[2] Petitioner does attach portions of the autopsy report, 911 transcripts, Bucks County emergency communications transcripts, and ballistics report and photographs. *See* Doc No. 14. It is apparent from the motion, however, that Petitioner requests access to complete copies of each attached document.

allegations before the court [which] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991), *cert. denied*, 502 U.S. 902 (1991) ("bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery"); *see also Bartelli v. Wynder*, 2010 WL 5904395, at *15 (Rueter, J.) (E.D. Pa. Nov. 30, 2010) (concluding that when claims in support of which discovery is sought are noncognizable or defaulted, good cause generally is absent because discovery would not lead to a basis for relief), *approved and adopted*, 2011 WL 815792 (Brody, J.) (E.D. Pa. Mar. 8, 2011).

Petitioner fails to demonstrate that good cause exists to require discovery of the requested documents. Petitioner alleges that these documents would aid in resolution of his habeas petition, particularly with respect to claims that he entered unknowingly into a guilty plea and that trial counsel failed to properly identify a *Brady* violation. Doc. No. 14, at 2–3. The Court finds that such documents are unnecessary for resolution of Petitioner's claims. It appears that Petitioner seeks to supplement his Petition with these documents in an attempt to have the Court reweigh the evidence presented at trial. However, on habeas review, this Court is not permitted to reweigh the evidence or redetermine the credibility of the witnesses. *See Marshall v. Longberger*, 459 U.S. 422, 433–35 (1983); *see also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a state court shall be presumed to be correct.") Accordingly, Petitioner's Motion to Expand the record is denied.

Petitioner also request that this Court order the Respondents to preserve official documents, namely, those documents which he has identified in in his previous motion to expand the records. Doc. No. 17. This Court has no reason to believe that Respondents have "compelling reasons to deliberately destroy" these documents as Petitioner alleges. Doc. No. 17, at 1. Thus, Petitioner's Motion is denied.

**BY THE COURT:**


*__s/ Richard A. Lloret__*
**HON. RICHARD A. LLORET**
**U. S. MAGISTRATE JUDGE**