IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW CAIRNS, | CIVIL ACTION |
| Petitioner, | |
| v. | No. 19-5351-KSM |
| THOMAS MCGINLEY, et al., | |
| Respondents. | |

MEMORANDUM

**MARSTON, J.**                                                                                                                            October 6, 2023

Pro se prisoner Andrew Cairns previously petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Doc. Nos. 1, 15.) His Amended Petition included six claims of error and requested an evidentiary hearing. (*See generally* Doc. No. 15.) On March 10, 2022, the Honorable Richard A. Lloret, United States Magistrate Judge, submitted a Report and Recommendation ("R&R"), rejecting all six claims, denying Cairns's request for an evidentiary hearing, and recommending that Cairns's Amended Petition be dismissed with prejudice. (*See generally* Doc. No. 28.) On August 22, 2023, the Court adopted the R&R over Cairns's objections and dismissed his Amended Petition. (*See* Doc. Nos. 41, 42.) Cairns now moves for reconsideration of that ruling under Federal Rule of Civil Procedure 59(e). (Doc. Nos. 43, 44.[1]) For the reasons discussed below, his motion is denied.

**I.     LEGAL STANDARD**

Under Rule 59(e), a litigant may file a "motion to alter or amend a judgment" within 28

---

[1] Document Nos. 43 and 44 appear to be identical. Moving forward, the Court references only Document No. 43 when citing to Cairns's motion.

days after the entry of judgment.  Fed. R. Civ. P. 59(e).  Before reconsidering a prior decision under this rule, however, courts in this Circuit require the moving party to show:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

"Because of the courts' interest in the finality of judgments, motions for reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and decided by the Court."  *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 743–44 (E.D. Pa. 2007) (quotation marks and citation omitted); *accord Kennedy Indus. Inc.*, Civil Action No. 04-5967, 2006 WL 1892685, at *1 (E.D. Pa. July 6, 2006); *see also Jarzyna v. Home Props., L.P.*, 185 F. Supp. 3d 612, 622 (E.D. Pa. 2016) (explaining that motions for reconsideration "should not be grounded on a request that a court rethink a decision already made").  In other words, "motions for reconsideration may not be used to give a litigant a 'second bite of the apple.'"  *PBI Performance Prods., Inc.*, 514 F. Supp. 2d at 743–44 (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)); *Jarzyna*, 185 F. Supp. 3d at 622 (explaining that a motion for reconsideration "may not 'ask the Court to rethink what it had already thought through—rightly or wrongly'" (citations omitted)). Neither can a litigant use a motion for reconsideration to "attempt a new approach."  *PBI Performance Prods.*, 514 F. Supp. 2d at 744.  Instead, "a motion for reconsideration may address 'only factual and legal matters that the Court may have overlooked.'"  *Jarzyna*, 185 F. Supp. 3d at 622 (citations omitted); *see also United States v. Bullock*, No. CR.95-296-02, Civ.A.98-CV-5023, 2005 WL 352854, at *1 (E.D. Pa. Jan. 24, 2005) ("The party seeking reconsideration must

bring forth dispositive factual matters or controlling decisions of law previously brought to the court's attention but not considered in its original decision." (internal citations omitted)).

**II.     ANALYSIS**

Because the Court writes solely for the benefit of the parties, who are intimately familiar with this case, we do not reiterate the tortured facts and procedural history in this Memorandum, and instead, jump directly to Cairns's arguments for reconsideration.[2]  He argues that the Court should reconsider the decision to adopt the R&R because:  (1) he has new evidence of his innocence which was not available before the Court issued its prior Memorandum; (2) in light of this new evidence and the evidence previously submitted, manifest injustice will result if he is denied habeas relief; and (3) the Court committed clear errors of law when we declined to stay the habeas petition pending resolution of Cairns's requests under Pennsylvania's Right to Know Law ("RTKL"), treated Cairns's Rule 7 motion as a Rule 6 motion, and misinterpreted one of Cairns's objections to the R&R as asserting a new claim. (*See generally* Doc. No. 43.)  The Court addresses each argument in turn.

**A.     New Evidence**

First, Cairns argues that reconsideration is warranted because he has new evidence that was not previously available—an expert report completed by former homicide detective, R. Robert Tressel.[3]  (*See* Doc. No. 43 at 5–11, 22–29.)  Cairns hired Tressel to review the case materials and render opinions about Marie Zienkewicz's position at the time she was shot and

---

[2] A thorough discussion of the facts and procedural history is included in the Court's prior Memorandum adopting the R&R.  (*See* Doc. No. 42.)

[3] Tressel worked for 10 years with the Homicide Unit of the Cobb County Police Department, serving as Detective Sergeant of the Unit for seven of those years. (*Id.* at 22–23.)  He then spent 13 years with the Cobb County Medical Examiner's Office, including five years as the chief investigator for the medical examiner.  (*Id.* at 23.)

killed by Officer Harold, as well as whether "Officer Harold[']s testimony [was] accurate and truthful about the chain of events regarding his decision to use lethal force." (*Id.* at 22.) Of note, Tressel concludes that Zienkewicz stood "outside or at her front doorway for up to 3 minutes" before she was killed, that Zienkewicz "was entering back into her appointment [sic] when the fatal shot occurred," and that the "discharge of [the] M4 rifle by Officer Harold was not justified." (*Id.* at 27–28.) Cairns argues that Tressel's report is "new evidence which supports his claim of innocence and the fact that he was coerced into pleading guilty." (*Id.* at 5.) The Court disagrees.

The Third Circuit has clarified that "new evidence" sufficient to trigger reconsideration under Rule 59(e), "means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Blystone v. Horn*, 664 F.3d 397, 415–16 (3d Cir. 2011). Tressel's report is not "new evidence" under this definition. Instead, the report represents, at most, a new opinion based on evidence that was available to Cairns when he filed his Amended Petition, including photographs taken at the scene of the crime and the coroner's report from the autopsy performed on Zienkewicz. (*See, e.g.*, Doc. No. 43 at 10 (relying on the "coroner's autopsy report and the photographs" of the crime scene to argue that the victim was "shot in the back").)[4] Because Tressel's report is not new evidence, it does not trigger reconsideration under Rule 59(e). *See Blystone*, 664 F.3d at 416 ("The District Court denied Blystone's Rule 59(e) motion, finding that the evidence submitted in support was not in fact newly discovered, since

---

[4] The Court also questions whether Tressel's report even presents a new opinion. Cairns's Amended Habeas Petition shows that he was aware Zienkewicz may have been shot in the back not only before he sought habeas relief, but also before he pleaded guilty. (*See* Doc. No. 15 at 90 ("In attorney Lacson's *pretrial* habeas motion, relating to Mrs. Zienkewicz, he asserts that 'She was hit *in the back* by a bullet and died as a result of the gunshot wound.' The fact that Mrs. Zienkewicz was 'shot in the back' undeniably excludes the possibility that she was opening a door and 'reaching outwards' given the physical layout of the apartment doors and the fact that they opened inwards." (first emphasis added) (citing pretrial habeas motion)).)

4

Blystone had possession of it many months before the District Court denied habeas relief.  This was plainly not an abuse of discretion under our clearly articulated standards for the assessment of a motion for reconsideration."); *see also United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 934–35 (8th Cir. 2006) (finding an expert report created after the court's ruling was "merely newly created opinion based on facts known to or accessible by Mallinckrodt at the time of the Consent Decree hearing and cannot warrant relief under Rule 59(e)"); *Becnel v. Deutsche Bank AG*, 838 F. Supp.2d 168, 171–72 (S.D.N.Y. 2011) (finding that an expert report created after final judgment was entered did "not qualify as newly discovered evidence" and denying the plaintiff's motion under Rule 59(e)); *HRH, LLC v. Teton County*, Case No. 18-CV-104-SWS, 2020 WL 13430352, at *3 (D. Wyo. Feb. 13, 2020) (holding that a newly created expert report "does not warrant relief under Rule 59(e).  To find otherwise would simply be untenable— following Plaintiff's logic, every litigant could seek reconsideration of a prior decision after the expert they hired opines in their favor").

  **B.**  **Manifest Injustice**

  Second, Cairns argues that the Court should reconsider its prior decision because a manifest injustice will result if his habeas petition is denied.  (Doc. No. 43 at 11–16.)  Cairns then reiterates the arguments made in his initial petition and objections to the R&R, claiming those arguments should be considered in connection with the "new evidence," i.e., Tressel's report.  (*Id.*)  But as stated in the previous section, Tressel's report does not trigger reconsideration under Rule 59(e).  And the remainder of Cairns's argument is little more than an attempt to "reargue matters already argued and disposed of" and to "relitigate a point of disagreement between the Court and [Cairns]," which is not a proper basis for reconsideration. *Abu-Jamal v. Horn*, No. Civ. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001) (cleaned up); *accord Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 (M.D. Pa. 1994);

*Zayas v. Luther*, Civil Action No. 16-2481, 2018 WL 11301535, at *1 n.1 (E.D. Pa. Apr. 5, 2018); *see also Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) ("Lazaridis's motion advanced the same arguments that were in his complaint and motions. Because this is not a proper basis for reconsideration, the District Court appropriately denied the motion.").

Accordingly, the Court denies reconsideration on this ground as well.

### C.   **Clear Error**

Third, Cairns argues that the Court committed clear error when we declined to stay the habeas petition pending resolution of Cairns's requests under Pennsylvania's RTKL, treated Cairns's Rule 7 motion as a Rule 6 motion, and misinterpreted one of Cairns's objections to the R&R as asserting a new claim.

#### 1.   **Motion to Stay**

On May 1, 2023, more than a year after Judge Lloret entered his R&R, Cairns moved to stay this habeas proceeding pending resolution of his open records requests under the RTKL. (*See* Doc. No. 40.) Cairns argues the Court committed a clear error of law when we denied that motion because the denial prevented him from presenting "a complete defense." (Doc. No. 43 at 16 (citing *Clark v. Arizona*, 548 U.S. 735, 789 (2006) and *Gray v. Netherland*, 518 U.S. 152, 182 (1996)).) But a criminal defendant's right to present a complete defense *at trial* is completely divorced from the questions at issue in this civil proceeding. *See Ryan v. Gonzalez*, 568 U.S. 57, 73 (2013) ("A habeas proceeding under § 2254, however, is not a 'proceeding against' the habeas petitioner; this, on the other hand, is a civil action against the warden of the state prison. And, a federal habeas petitioner does not mount a 'defense' to the government's prosecution. Rather, the petitioner collaterally attacks his conviction at an earlier state trial."); *Brown v. Hainsworth*, Case No. 3:23-cv-70-KAP, 2023 WL 4846853, at *1 (W.D. Pa. July 28, 2023) ("[A] habeas petition is not a criminal proceeding against the petitioner where the rules are

6

primarily structured to safeguard the petitioner, it is a civil action against petitioner's jailer in which the petitioner bears the burden of attacking his conviction.").

Cairns has not otherwise shown that the Court committed a clear error of law when we refused to exercise our discretion to stay the habeas case pending resolution of the RTKL requests. Federal district courts "have authority to issue stays, where such a stay would be a proper exercise of discretion." *Ryan*, 568 U.S. at 73 (quotation marks omitted). "AEDPA does not deprive district courts of [this] authority." *Id.* at 74 (quoting *Rhines v. Weber*, 544 U.S. 269, 276 (2005)). The Supreme Court has, however, cautioned that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." *Rhines*, 544 U.S. at 277.

Here, a stay was not warranted because Cairns failed to show he was entitled to present new evidence during this habeas proceeding. "Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so." *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011). As explained more fully in the R&R and this Court's prior Memorandum, Cairns has not met the "high bar required to obtain an evidentiary hearing":

> Cairns is ineligible for an evidentiary hearing on federal habeas review. He failed to develop several of his claims in state court. For those claims which he developed in state court, the record refutes his accusations. There is no prima facie merit to any of [ ] Cairns's claims on habeas review, and it is highly unlikely that an evidentiary hearing would add any support to these claims. This is particularly so in light of the testimony provided during the PCRA Court's evidentiary hearing, which [the Court's] review indicates was properly conducted and is deserving of deference on habeas review.

(Doc. No. 28 at 25; Doc. No. 41 at 40.) Because Cairns is not entitled to present additional evidence, this Court did not abuse its discretion when it denied Cairns's request to stay the habeas proceeding pending the resolution of RTKL requests meant to uncover such evidence.

*Cf. Ryan*, 568 U.S. at 75 ("[T]hree of these claims were adjudicated on the merits in state postconviction proceedings, and thus, were subject to review under § 2254(d). Any extrarecord evidence that Carter might have concerning these claims would therefore be inadmissible. Consequently, these claims do not warrant a stay." (internal citations omitted)); *Connor v. Sec'y Fla. Dep't of Corr.*, 713 F.3d 609, 624–25 (11th Cir. 2013) (affirming denial of motion to stay where "all of [the petitioner's] fourteen federal habeas claims were . . . exhausted in state court and either adjudicated on the merits, or procedurally defaulted" because any evidence that the petitioner produced at this stage "would be inadmissible").

Because the Court properly exercised its discretion within the bounds set by Supreme Court precedent, Cairns has not shown that we committed clear error by denying his motion to stay. *See In re Titus*, 479 B.R. 362, 368 (W.D. Pa. 2012) ("[A]pplication of the dictionary definition to a clear error of law or fact requires an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." (quotation marks omitted)); *Hardwick v. United States*, Civil Action No. 12-7158(RBK), 2020 WL 859329, at *5 (D.N.J. Feb. 21, 2020) ("The Court applied the proper test under *United States v. Riggs*, for Petitioner's collateral estoppel argument. Petitioner has not shown a clear error of law entitling him to reconsideration of his collateral estoppel argument in Ground One of his § 2255 motion.").

### 2. Rule 7 Motion

Cairns also argues that the Court committed clear error when we treated Cairns's Rule 7 motion as a Rule 6 motion. (Doc. No. 43 at 18.) But the Court did not treat Cairns's Rule 7 motion as a motion under Rule 6. To the contrary, we found, "It is immaterial here which Rule Cairns proceeds under because Judge Lloret found Cairns was not entitled to seek new evidence or an evidentiary hearing." (Doc. No. 41 at 42 n.11.) Cairns does not address this conclusion or

8

explain why it amounts to a clear error of law.  *See Hardwick*, 2020 WL 859329, at *5.

### 3. New Claim

Last, Cairns argues that the Court committed clear error when we construed his argument that trial counsel and the District Attorney "conspir[ed] to deceive Mr. Cairns into pleading guilty by playing a word semantics game" as a "new claim" that he failed to exhaust before the state court.  (*See* Doc. No. 41 at 34.)  Cairns argues that he was "not 'changing' [his] original habeas claims" when he made this argument and therefore, the Court incorrectly viewed it as a new claim raised for the first time in his objections.  (Doc. No. 43 at 18–19.)

Cairns seems to misunderstand the Court's holding.  In his initial habeas Petition, Cairns argued that his trial attorneys were ineffective because they, among other things, coerced him into pleading guilty.  (Doc. No. 1 at 12.)  He then identified multiple portions of the record, which he said demonstrated coercion, including trial counsels' decision to frame Cairns's actions as "shooting in the direction of the police"—instead of shooting "at the police"—a representation that was later adopted by the Commonwealth at the guilty plea hearing.  (Doc. No. 15 at 83–84 ("The question becomes: why did Mr. Cairns acquiesce to admitting to shooting 'in the direction of' the police, which requires an acknowledgment that the police were there, when he has maintained that he never knew anybody was outside?  Mr. Cairns asserts that [trial counsel] coerced [him] into admitting that he was shooting in the direction of the police . . . . Nevertheless, in reality, whether or not Mr. Cairns allegedly shot 'in the direction of' or 'at the police' is irrelevant because those are just word semantics . . . ."); *id.* at 82–94.)

Judge Lloret denied Cairns's coercion claim, including this argument, because it was unexhausted and procedurally defaulted; "Cairns never alleged before the state courts that he was potentially coerced into pleading guilty, and it is too late to present this claim to the state courts."  (Doc. No. 28 at 18.)  Cairns objected.  (Doc. No. 34 at 19–28.)  He argued that the PCRA

9

hearing transcripts showed that he had previously raised a coercion claim, and he rehashed the numerous examples in the record, which he believes show "plea counsel decided to coerce Mr. Cairns into pleading guilty." (*Id.* at 24–26.) Cairns then attacked Judge Lloret's conclusion that trial "counsel went to great lengths to prepare Mr. Cairns for both his trial and his plea hearing." (*Id.* at 26 (quoting R&R at 18–19).) Cairns wrote:

> Asserting that Mr. Cairns, on his own, "in the middle of trial preparation" decided to plead guilty is a material misstatement of fact[ ]. As a matter of record, Mr. Cairns['s] trial was scheduled for January 17, 2014, at 9:30 a.m. D.A. Spang and [A]ttorney Lacson met *that morning* [to] discuss[ ] a plead [sic] for fifteen-to-thirty (15–30) years. Mr. Cairns did not initiate these talks, [and] he was prepared to go to trial to prove his innocence. Mr. Cairns refused the deal saying that he never shot at anyone. D.A. Spang and [A]ttorney Lacson, arguendo, conspired to deceive Mr. Cairns to plead guilty by playing a word semantics game. Rather than admitting to shooting "at" police say [sic] he was shooting "in the direction" of the police because that is the direction his window faced. They added the further illusion that they would drop the "shooting at police" charges.
>
> . . . .
>
> The facts demonstrate that Mr. Cairns did not "initiate" the plea negotiations. They occurred the same day [that] trial was scheduled and, therefore, [A]ttorney Lacson could not have advised Mr. Cairns of anything about his plea rights before the 9:30 a.m. trial schedule.

(Doc. No. 34 at 26–28.)

The Court overruled Cairns's objection, finding that to the extent his coercion claim was based on an assertion that trial counsel and the DA "conspired to deceive Mr. Cairns to plead guilty by playing a word semantics game," that assertion was not presented to the state courts as a basis for Cairns's coercion claim. (Doc. No. 41 at 34.) "As such, this claim was not fairly presented at the state level, and Judge Lloret correctly found it to be unexhausted and defaulted."

10

(*Id.* at 34 (citing *Nara v. Frank*, 488 F.3d 187, 197–98 (3d Cir. 2007)).[5]) Contrary to Cairns's argument in support of reconsideration, this Court did not "create a new claim based upon Mr. Cairns['s] objections to a report and recommendation. (Doc. No. 42 at 18.) Instead, as the review above shows, the Court properly considered and rejected an argument raised by Cairns in his Amended Petition and in his objections to the R&R, but not presented to the state courts. Because Cairns has not shown that the Court's finding—that this claim was not fairly presented to the state courts—is clearly erroneous, he is not entitled to reconsideration on this ground. *See In re Titus*, 479 B.R. at 368; *Hardwick*, 2020 WL 859329, at *5.

### III. CONCLUSION

For the reasons discussed above, Cairns's motion to alter or amend the judgment under Rule 59(e) is denied. An appropriate order follows.

---

[5] The Court also found that Cairns's coercion claim was unexhausted and procedurally defaulted to the extent it was based on an argument that trial counsel "deliberately misinformed him of the state law elements of the charges in question," because that argument also was not presented to the state courts as a basis for Cairns's coercion claim. (Doc. No. 41 at 34.) Cairns does not seek reconsideration of this finding. (*See* Doc. No. 43 at 18–19.)